UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **HECTOR RIVAS,** | § § § | |
| Plaintiff, | § | |
| v. | § § | Case No.   5:20-CV-1114 |
| **PPG INDUSTRIES, INC.,** | § § | Jury trial requested |
| Defendant. | § § | |

# COMPLAINT

Plaintiff Hector Rivas states the following for his complaint against Defendant PPG Industries, Inc.

## I. Introduction

1. Hector Rivas worked for PPG Industries for several years, receiving satisfactory or exemplary reviews, as well as the "Million Dollar Opportunity Club" award for his outstanding performance in 2018.  PPG valued Rivas for his demonstrated hard work and dedication to the company.  Or so it seemed.  All of this changed in February 2019, when Rivas was diagnosed with cancer and then informed his boss of this devastating illness.  Immediately after telling his boss of his disability and serious health condition, and during his cancer treatment, PPG incredibly and maliciously placed him on a performance improvement plan.  Later, despite his taking FMLA leave and seeking disability accommodations, PPG not only interfered with his Rivas' rights, but also denied him further leave and accommodations and retaliated against him by denying him compensation opportunities and eventually laying him off.  PPG, for all intents and purposes, threw Rivas on the scrap heap because of his disability and for exercising his rights under the law.  He now must ask this Court to correct these wrongs by PPG.

## II. Parties

2. Plaintiff Hector Rivas is an individual residing in San Antonio, Texas.

3. Defendant PPG Industries, Inc., is a foreign for-profit corporation, registered to do business in Texas.

## III. Jurisdiction and Venue

4. This Court has federal question subject matter over this action under 28 U.S.C. § 1331, because Rivas' claims arise under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, and the Worker Adjustment and Retraining Notification Act (WARN Act), 29 U.S.C. § 2101 *et seq.* This Court also has supplemental jurisdiction over Rivas' state law claim because it arises under the same set of operative facts as his federal law claims.

5. Venue is proper in this Court under 28 U.S.C. § 1391, because the facts underlying Rivas claims arose in substantial part in this judicial district and because PPG does business in this judicial district.

## IV. Facts

6. Hector Rivas began working for PPG in 2014 as a Sales Rep/Account Manager for PPG's Industrial Coatings department. His primary duties included managing customer accounts and developing new business for PPG.

7. Throughout his career at PPG, Rivas received "successful" or satisfactory ratings on his annual performance appraisals, for which he also received a bonus and raise. In early 2019, he received the "Million Dollar Opportunity, Global Growth Challenging Award" for his work during 2018. He also received other commendations and compliments for his work throughout his employment at PPG.

8.      In February 2019, Rivas learned that he suffered from cancer and needed immediate and extensive treatment for this disabling health condition.

9.      Shortly after receiving this devastating diagnosis, in March 2019 Rivas informed his chain of command and HR department at PPG of his condition and his need for surgery and time for recovery afterward.

10.     With no warning whatsoever, and shortly after undergoing surgery for his cancer, Rivas' immediate supervisor notified Rivas that he was being placed on a performance improvement plan or "PIP" in April 2019.

11.     Before this PIP, Rivas had never been issued or threatened with any step of discipline at PPG.  To the contrary, just weeks earlier he had received one of PPG's highest awards for his job performance during the previous year.

12.     There was no basis for PPG to place Rivas on a PIP, and the objectives PPG attempted to establish with the PIP were discriminatory, unreasonable or unattainable, and were an attempt to set Rivas up for failure so PPG could later fire him.

13.     Having just undergone surgery for his cancer and under the effect of strong prescription medications, Rivas asked his boss and HR manager to explain the reasons for the PIP and to discuss the unreasonable and unattainable objectives they sought to impose upon him.  PPG however would have nothing of it and denied Rivas' request to meaningfully discuss the PIP.

14.     Rivas retained the undersigned counsel to help him assert his rights under various labor laws, and in May 2019 his counsel contacted PPG's Legal Department to alert them to the mistreatment of Rivas and violations of the law.  Based on this contact, PPG represented that the PIP was going to be removed.  But Rivas later discovered that it was not.

15. At all times relevant to this action, PPG failed to both timely provide Rivas with individualized notice of his rights under FMLA, as well as to initiate any interactive process to determine whether or what reasonable accommodations Rivas might need to address his serious health condition and disability.

16. Only after Rivas' counsel's contact with PPG's Legal Department did PPG inform Rivas that he could apply for leave under the FMLA and ADA to accommodate his need to be away from work while undergoing treatment for cancer.

17. Rivas was away from work for a challenging course of cancer therapy from approximately June 3, 2019 to August 5, 2019.

18. While on leave to receive his treatment and try to recuperate, PPG continued to require Rivas to work his normal duties, contacting him about customers and having him spend time on work matters instead of leaving him alone to recover.

19. After he returned to work in August 2019, PPG continued to demand Rivas perform his normal work duties without regard to any health problems that made it difficult to handle his work.

20. Making matters worse, PPG denied Rivas necessary training to enable him to perform his job and, to his surprise, warned him they were going to address the earlier PIP with him.

21. Rivas' supervisor also pushed him out of a relationship Rivas had with a major customer that he had developed over years, and eventually the supervisor took credit for a large sale which Rivas should have received credit for bringing to PPG.

22. Ignoring his disability and protected leave from work, and using a false and discriminatory calculation, in or around January 2020 PPG gave Rivas an "unsatisfactory" or "unacceptable" annual appraisal review for his performance in 2019. Until then, Rivas never received such an unfair or unwarranted review.

23. Based on the unsatisfactory review that rested on discriminatory reasons, in early 2020 Rivas was denied a bonus and a raise or cost of living adjustment to his compensation for the first time ever during his employment with PPG, while other nondisabled employees in Rivas' workgroup were not subject to the same form of review or appraisal process or to the same bonus determination standard as Rivas.

24. In February 2020, Rivas complained to his supervisor and HR about the denial of his bonus and raise, based on PPG's improper reliance on his health conditions. PPG's response was filled with inconsistent and false excuses, contrary to its own bonus plan and the facts, as well as discriminatory toward Rivas.

25. In or around late March or April 2020, Rivas sought FMLA leave and accommodations through PPG's leave and ADA administrator – The Hartford – but his leave request was denied because, according to the administrator, Rivas was "not disabled."

26. After denying his leave request or the fact that Rivas was disabled, later in April 2020 after he requested leave or light duty, PPG "furloughed" or laid off Rivas based in part on performance evaluations which were flawed and discriminatory toward Rivas, as well as because of his attempt to exercise his rights or because he previously exercised his rights under the ADA, FMLA, or both.

## V. Claims for relief

### FIRST CLAIM – Violations of FMLA

27. Rivas incorporates paragraphs 1 through 26 above as if fully stated in this paragraph.

28. At all times relevant to this action, Rivas was an "eligible employee" as defined in 29 U.S.C. § 2211(2).

29. At all times relevant to this action, PPG was an "employer" as defined in 29 U.S.C. § 2211(4).

30. Rivas brings this claim against PPG for denial of his prescriptive and proscriptive rights under FMLA.

31. As shown above, PPG violated Rivas' rights under FMLA by denying him his rights under FMLA, interfering with those rights, and retaliating for his exercising his rights in several respects, including but not limited to:

    (a) Unlawfully denying his request for FMLA leave;

    (b) Interfering with the leave he was granted by requiring him to work during his leave or repeatedly interrupting his recuperation during his leave by making him perform work-related tasks;

    (c) Discouraging him from taking additional leave and thus interfering with his FMLA rights;

    (d) Failing to adjust his performance objectives to account for his leave;

    (e) Denying him compensation based on performance during the time he was off on leave;

    (f) Failing to give him required notices of his rights under FMLA;

    (g) Placing him on or threatening him with a PIP because he sought to take, or did take, leave;

    (h) Failing to restore him to the position or equivalent position he held when the leave commenced, with equivalent benefits, pay, and other terms and conditions of employment;

    (i) Laying him off, furloughing him, or terminating his employment because he took leave; and

    (j) Such other reasons as the evidence may reveal in this case.

32. As a result of PPG's unlawful and discriminatory acts and omissions, Rivas has been damaged as more fully specified below.

## *SECOND CLAIM – Violations of the ADA*

33. Rivas incorporates paragraphs 1 through 32 above as if fully stated in this paragraph.

34. At all times relevant to this action, Rivas was an "employee" as defined in 42 U.S.C. § 12111(4).

35. At all times relevant to this action, PPG was an "employer" as defined in 42 U.S.C. § 12111(5).

36. At all times relevant to this action, Rivas was a "qualified individual with a disability" as defined in 42 U.S.C. § 12111(8).

37. At all times relevant to this action, Rivas had a "disability" as defined in 42 U.S.C. § 12102(2).

38. As shown above, PPG violated Rivas' rights under the ADA, discriminating and retaliating against him in several respects by, including but not limited to:

    (a) Failing to properly engage in the interactive process under the ADA and ultimately denying Rivas reasonable accommodations;

    (b) Discriminating against Rivas by interfering with the leave he did take as an accommodation to his disability and by unlawfully denying him additional leave when he requested a reasonable accommodation;

    (c) Failing to adjust his performance objectives to account for his leave;

    (d) Threatening to or actually placing him on a PIP because of his disability or because he took leave because of his disability;

(e) Denying him necessary training because of his disability;

(f) Denying him compensation based on performance during the time he was on leave;

(g) Laying him off, furloughing him, or terminating his employment because of his disability;

(h) Retaliating against Rivas because he exercised or attempted to exercise his rights under the ADA; and

(i) Such other reasons as the evidence may reveal in this case.

39. Based on the facts above, PPG unlawfully discriminated and retaliated against Rivas because of his disability, because of his history of a disability, and because PPG regarded Rivas as disabled.

40. As a result of PPG's unlawful and discriminatory acts and omissions, which were either intentional or reckless toward Rivas, Rivas has been damaged as more fully specified below.

### THIRD CLAIM – *Violations of the Chapter 21 of the Texas Labor Code*

41. Rivas incorporates paragraphs 1 through 40 above as if fully stated in this paragraph.

42. At all times relevant to this action, Rivas was an "employee" as defined in § 21.001(7) of Chapter 21 of the Texas Labor Code.

43. At all times relevant to this action, PPG was an "employer" as defined in § 21.001(8) of Chapter 21 of the Texas Labor Code.

44. At all times relevant to this action, Rivas was a "qualified individual with a disability" as defined in § 21.001(6) of Chapter 21 of the Texas Labor Code.

45. At all times relevant to this action, Rivas had a "disability" as defined in § 21.001(7) of Chapter 21 of the Texas Labor Code.

46. Based on the facts above, PPG unlawfully discriminated and retaliated against Rivas because of his disability, because of his history of a disability, and because PPG regarded Rivas as disabled. Rivas' disability was a motivating factor in PPG's unlawful, discriminatory, and retaliatory treatment of Rivas.

47. As a result of PPG's unlawful, discriminatory and retaliatory acts and omissions, which were either intentional or reckless toward Rivas, Rivas has been damaged as more fully specified below.

### *FOURTH CLAIM – Violations of the WARN Act*

48. Rivas incorporates paragraphs 1 through 47 above as if fully stated in this paragraph.

49. At all times relevant to this action, Rivas was an "affected employee" and "aggrieved employee" as defined in 29 U.S.C. §§ 2101(a)(5), 2104(a)(7).

50. At all times relevant to this action, PPG was an "employer" as defined in 29 U.S.C. § 2101(a)(1).

51. On or around April 8, 2020, PPG told Rivas that he was being furloughed effective April 13, 2020.

52. PPG essentially terminated or laid off Rivas when it notified him on April 8, 2020 that he was being furloughed.

53. On information and belief, PPG further terminated, furloughed, or laid off several other employees on or around April 13, 2020.

54. PPG's actions in terminating, furloughing, or laying off Rivas and others constitute a "plant closing" or "mass layoff" as defined in 29 U.S.C. § 2101(a)(2), (3).

55. PPG did not terminate, furlough, or layoff Rivas for cause, voluntary departure, or retirement.

56. As a result of PPG's acts or omissions, Rivas suffered an "employment loss" as defined in 29 U.S.C. § 2101(a)(6).

57. In violation of the WARN Act, PPG failed to give Rivas the timely, required 60-day advance notice of his termination, layoff or furlough, as set forth in 29 U.S.C. §2102.

58. Based on the facts above, Rivas has been damaged by PPG's violations of the WARN Act and seeks all remedies, damages, and other relief available to him under 29 U.S.C. §§ 2104(a), 2105.

## VI.  Conditions precedent have been satisfied

59. Rivas has exhausted all available administrative requirements before filing this action and received a right to sue letter and notice of right to file a civil action from both the EEOC and the Texas Workforce Commission – Civil Rights Division.

60. Rivas has satisfied any and all conditions precedent to bringing this action.

## VII.  Jury trial requested

61. Rivas requests a jury trial on all issues triable to a jury.

## VIII.  Prayer for relief

62. As a direct and proximate result of PPG's unlawful, discriminatory, and retaliatory acts and omissions set forth above, Rivas has been damaged.  Accordingly, Rivas asks the Court to enter judgment in his favor and against PPG for the following relief:

(a) Actual and compensatory damages, including lost backpay, bonuses, benefits, other lost wages or compensation, and other lost or denied terms and conditions of employment;

(b) Front pay;

(c) Liquidated damages;

(d) Damages for emotional distress or mental anguish;

(e) Punitive or exemplary damages;

(f) All applicable civil penalties;

(g) Costs of this action;

(h) Expert witness fees;

(i) Reasonable attorneys' fees for this action and any subsequent appeals;

(j) Pre- and post-judgment interest; and

(k) Any other relief as Rivas proves himself entitled to under the law.

Respectfully submitted,

*/s/ Chris Bourgeacq*
Christian A. Bourgeacq
SBOT # 00795803
**THE CHRIS BOURGEACQ LAW FIRM, PC**
7700 Highway 71 West, Suite 130
Austin, Texas  78735
512-476-1232 – office
512-971-0741 – mobile
888-476-8514 – fax
chris@cbqlaw.com – email

**Attorney for Plaintiff Hector Rivas**